JOURNAL ENTRY and OPINION
{¶ 1} The sole issue in this appeal is whether the court erred by imposing consecutive sentences upon defendant Richard Moore. The facts showed that Moore brutally and repeatedly raped his live-in girlfriend, threatening to kill her if she called for help. The court imposed a felonious assault sentence consecutive to the rape sentence, finding that "to do otherwise would demean the seriousness of these offenses and not adequately protect the public, particularly in view of the prior conduct in this defendant's life."
 {¶ 2} The court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and, as applicable in this case, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4).
 {¶ 3} The court stated:
 {¶ 4} "The kidnapping and rape sentences will run concurrent with each other. The felonious assault conviction will run consecutive. To do otherwise would demean the seriousness of these offenses and not adequately protect the public, particularly in view of the prior conduct in this defendant's life."
 {¶ 5} The court made a finding that consecutive sentences were necessary to protect the public from future crime and it clearly went through Moore's lengthy criminal history. So two of the three necessary elements were established on the record.
 {¶ 6} The court did not, however, make an express finding that consecutive sentences were not disproportionate to the seriousness of Moore's conduct. Nevertheless, we believe that finding was implicit as the court noted it was "well aware of the testimony in this case, including the period of prolonged and relentless beating of the victim with a broom handle and later an ice bucket, an evening of repeated violent sexual conduct with the victim." The court went on to note that Moore caused "serious physical, emotional, and psychological harm to the victim."
 {¶ 7} We do not require the court to use "magic words" for imposing consecutive sentences, but it must be clear from the context that the court's statements were intended to encompass the relevant provisions of the sentencing statutes. State v.White (1999), 135 Ohio App.3d 481, 486. Certainly, the court's statement referring to the severity and length of the beating administered in this case, along with the impact those offenses had on the victim, could be construed as a statement of the court's belief that the sentence imposed was proportionate to the harm caused to the victim.
 {¶ 8} In reaching this conclusion, we believe it important that the sentencing judge presided over a trial on the matter and was fully versed on the facts of the offense. Unlike a plea proceeding where the defendant simply admits to the bare facts contained in an indictment, a trial exposes the facts in greater detail, and the court's ability to see the witnesses, particularly the victim, gives it a more fully formed basis for making sentencing decisions. Thus, we have no difficulty finding that the court's reference to the specific facts of the case could be applied as a finding relating to proportionality.
 {¶ 9} This is not to say that the rule on the use of "magic" words does not extend to plea proceedings. Under appropriate circumstances, the court may base its sentencing decisions on facts divulged in presentence investigation reports that have been specifically made a part of the record. In such a case, a similar reference to facts contained in a presentence report (or facts properly brought out in any other light) could be sufficient to establish a required factor for sentencing. The exact parameters will, of course, depend on the unique circumstances of the case.
 {¶ 10} We therefore conclude that the court's findings satisfied the requirements of R.C. 2929.14(E)(4). The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs.
 Diane Karpinski, P.J., concurs with separate opinion.
 CONCURRING OPINION