[Cite as *State v. Venes*, 2013-Ohio-1891.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98682

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM VENES

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED
### FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546427

**BEFORE:** Stewart, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, Second Floor
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Jesse W. Canonico
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant William Venes pleaded guilty to 98 counts of pandering sexually oriented matter involving a minor and one count of possession of criminal tools. The court sentenced Venes to eight years on 97 counts, with three of those counts to be served consecutively. It also imposed a six-month sentence on the possession of criminal tools count, to be served concurrent with the other counts. In total, Venes was ordered to serve 24 years in prison. In this appeal, Venes complains that the court had no authority to order consecutive sentences and that if it did, it failed to make the requisite findings necessary to impose sentences consecutively. He also argues that his 24-year sentence is disproportionate to those imposed on similar offenders.

I

{¶2} The court initially sentenced Venes on March 25, 2011. At the time, the court had no obligation to make findings before imposing consecutive sentences — former R.C. 2929.14(E)(4), which required such findings, had been declared unconstitutional and severed from the rest of R.C. 2929.14. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs three, four, and seven of the syllabus. On direct appeal from that conviction, we reversed Venes's guilty plea because the court failed to advise him of his right to compulsory process. *See State v. Venes*, 8th Dist. No. 96780, 2012-Ohio-81, ¶ 12. In the interim, former R.C. 2929.14(E)(4) had been "revived" under

Am.Sub.H.B. No. 86 and recodified as R.C. 2929.14(C)(4). The effective date of H.B. 86 is September 30, 2011. By the time the court resentenced Venes on June 21, 2012, the revived version of R.C. 2929.14(C)(4) was in effect and the court had to make certain findings before imposing consecutive sentences. *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 18; *State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, ¶ 25.

{¶3} We acknowledge that the court in *State v. Pete*, 7th Dist. No. 12 MA 36, 2013-Ohio-663, found that the trial court did not have to apply the law in effect at the time of sentencing. In *Pete*, the court acknowledged that R.C. 2929.14(C)(4) had been amended and was in effect at the time Pete was sentenced. Nevertheless, it stated:

> The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section[.]" Pete committed the offense on August 18, 2011. Thus, the trial court was not required to make the consecutive sentence findings prior to sentencing Pete to consecutive sentences

*Id.* at ¶ 19, fn. 1.

{¶4} In reaching this conclusion, the Seventh District Court of Appeals failed to recognize that the language it quoted from Section 4 of H.B. 86 applied only to "division (A) of section 2929.14 of the Revised Code." In other words, the felony penalties set forth in R.C. 2929.14(A) apply to those persons who commit an offense after September 30, 2011 — the effective date of the section. Nothing in Section 4 can be understood as indicating that it applies to anything other than R.C. 2929.14(A), and more particularly, that the consecutive sentencing requirements of R.C. 2929.14(C)(4) apply only to those offenders who committed their crimes after the effective date of the statute. Consistent

with *Jones* and *Huber*, we find that the consecutive sentencing provisions of H.B. 86 are effective for all offenders sentenced on or after September 30, 2011, regardless of when those offenders committed their crimes.

## II

**{¶5}** Having found that the court's decision to impose consecutive sentences was governed by R.C. 2929.14(C)(4), we conclude that the court failed to comply with the statute.

## A

**{¶6}** R.C. 2929.14(C)(4) authorizes the court to require an offender to serve consecutively multiple prison terms for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

B

**{¶7}** Coinciding with this revived version of R.C. 2929.14(C)(4) are amendments to R.C. 2953.08 governing the standard of review to be applied by appellate courts when reviewing consecutive sentences. The former version of R.C. 2953.08(G)(2) was substantially similar in form to the version currently in effect. The former version required the court to "take any action * * * if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under * * * division (E)(4) of section 2929.14, * * * (b) That the sentence is otherwise contrary to law."

**{¶8}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.

**{¶9}** *Kalish,* as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless,

panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era. *See, e.g., State v. Martinez*, 8th Dist. No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.

{¶10} The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

C

{¶11} R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law" or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).[1]

---

[1] R.C. 2953.08(A)(4) also states that a defendant may appeal a criminal sentence on the basis that it is "contrary to law." There is no indication that the General Assembly sought to create a difference between the contrary to law standards set forth in R.C. 2953.08(A)(4) and (G)(2), so we consider them one and the same.

**{¶12}** When a statute directs a court to make findings before imposing a particular sentence, a failure to make those findings is "contrary to law." *See State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The question is what constitutes sufficient findings under R.C. 2929.14(C)(4).

**{¶13}** We have never held that the court has to state its findings word-for-word as set forth in R.C. 2929.14(C). Hence, the court need not use "magic" words in order to satisfy its obligation to make specific findings before imposing consecutive sentences. *See, e.g., State v. White*, 135 Ohio App.3d 481, 486, 734 N.E.2d 848 (8th Dist.1999).

**{¶14}** But not requiring slavish adherence to the specific wording of the statute is not the same as relieving the court of the duty to make the required "findings." *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 23. R.C. 2929.14(C)(4) requires the court to make specific "findings." In the past, we have found those findings can be implicit in context when the court's statements during sentencing are intended to encompass the relevant provisions of the sentencing statutes. *State v. Moore*, 8th Dist. No. 84911, 2005-Ohio-4164, at ¶ 7. But in doing so, we have arguably frustrated the purposes underlying the requirement for findings as a predicate for ordering consecutive sentences.

**{¶15}** The supreme court has recognized that "Ohio appears to be unique in having a rule that sentences of imprisonment shall be served concurrently." *Foster* at ¶ 66. The imposition of consecutive sentences in Ohio is thus an exception to the rule that sentences should be served concurrently. And there is no doubt that the provisions of H.B. 86, like those of S.B. 2 before it, were intended, among other things, to alleviate overcrowding in the

prison system. *See* R.C. 181.24 (creating criminal sentencing commission to design sentencing structure "to assist in the management of prison overcrowding and correctional resources").

**{¶16}** By imposing a requirement that the trial judge make specific findings before ordering sentences to be served consecutively, the General Assembly toughened the standard for consecutive sentences. However, the revived consecutive sentencing statute codified in R.C. 2929.14(C)(4) does not place a heavy burden on a trial judge. Indeed, it is arguably easier to impose consecutive sentences today than it was under former R.C. 2929.14(E)(4) because the revived version did away with the requirement that the court justify its findings by giving reasons for making those findings. *See State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 35.

**{¶17}** Because the statute so clearly requires specific findings for the imposition of consecutive sentences, those findings must be entered at the time the court orders sentences to be served consecutively. What we mean by this is that regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires *separate and distinct* findings in addition to any findings relating to purposes and goals of criminal sentencing. Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings. This case is a good example: the state referenced "findings" on pages 64, 76, 78, 80, and 83 of the

transcript in support of consecutive sentences. This alone is proof that the court did not make separate and distinct findings on the record relative to the imposition of consecutive sentences. If the word "findings" is to have any meaning at all, it means nothing less than the court must "engage[ ] in the required analysis and select[ ] the appropriate statutory criteria" before ordering sentences to be served consecutively. *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131. Only then will the imposition of consecutive sentences not be contrary to law.

{¶18} We recognize that this strict approach will likely cause the reversal of some consecutive sentences. However, a long-view approach will ultimately result in far fewer appeals of consecutive sentences. And it should go without saying that if the court has to struggle to make the necessary findings for imposing consecutive sentences, it may be that consecutive sentences are unwarranted in the first place.

D

{¶19} If the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"

{¶20} It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

**{¶21}** It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

**{¶22}** In reaching this conclusion, we note that the term "record" as used in R.C. 2953.08(G)(2) is very broad. It encompasses all of the proceedings before the court, not just the sentencing. And while the court has the obligation to make separate and distinct findings under R.C. 2929.14(C)(4) before imposing sentence, support for those findings may appear anywhere in the "record" and not just at the time the court imposes consecutive sentences.

### III

**{¶23}** The court made no specific findings before ordering Venes to serve his sentences consecutively. Most of its discussion related to the 24-year sentence it imposed during the first sentencing and defense counsel's argument that the first 24-year sentence was disproportionate to those given to similar offenders. The court stated:

> The court has reviewed for purposes of sentencing, and the need to protect the public, [sic] the court finds that sentencing you on any less than four counts of this indictment would seriously demean the crime involved here, which is cyber-porn of children and the court will impose the sentence that I imposed originally on this case.

I see no reason to deviate downward and I will not deviate upward even based on the diagnosis of pedophilia because I believe that the court's sentence is ample to cover that diagnosis.

* * *

Counts one, two, and three consecutive. And eight years consecutive on each count for a total of 24 years.

All other counts will be eight years on each count concurrent to each other and to counts one, two, and three.

{¶24} It is possible that some of the court's statements made during sentencing could be pieced together and found, however remotely, to encompass the findings necessary to impose consecutive sentences. But for us to engage in that kind of review defeats the purpose of R.C. 2929.14(C)(4).

{¶25} The court did not make separate and distinct findings before ordering Venes to serve his sentences consecutively. In fairness to the court, it may not have understood that it was required to make those findings after the effective date of H.B. 86 and recodification of R.C. 2929.14(C)(4), particularly given that we had earlier remanded the case for resentencing. Nevertheless, the statutory duty to make those findings existed.

{¶26} We therefore sustain the second assignment of error and remand for resentencing.

IV

{¶27} Although we are remanding for resentencing, we think it prudent to address Venes's argument that his 24-year sentence was grossly disproportionate to those given to

similar offenders and that it otherwise amounts to a de facto life sentence given that he was 56 years old at the time of sentencing.

**{¶28}** R.C. 2929.11(B) requires the court to impose a felony sentence that is "consistent with sentences imposed for similar crimes committed by similar offenders." We have held that "consistency" in sentencing is not the same as uniformity. *State v. Bonness*, 8th Dist. No. 96557, 2012-Ohio-474, ¶ 27. This is because the sentencing factors set forth in R.C. 2929.11 and 2929.12 guide the court's discretion and no two cases are identical. *State v. Hall*, 10th Dist. No. 09AP-302, 2009-Ohio-5712, ¶ 10. Thus, we stated in *Bonness* that:

> Each case stands on its own unique facts, so we have concluded that "[a] list of child pornography cases is of questionable value in determining whether the sentences imposed are consistent for similar crimes committed by similar offenders since it does not take into account all the unique factors that may distinguish one case from another." *State v. Siber*, 8th Dist. No. 94882, 2011-Ohio-109, ¶ 15.

*Id.* at ¶ 27.

**{¶29}** Although Venes pleaded guilty to "only" 98 counts of possessing child pornography, the court noted that this was a "staggering" case: Venes had nearly 4,400 images of child pornography and 55 videos or movies depicting children involved in sexual activity. The court also noted that investigators found that Venes's pornography collection included images of "children as young as babies being vaginally raped, anally raped, being forced to engage in fellatio, cunnilingus and being forced to engage in bestiality." By any measure, the depth and breadth of his collection of child pornography — described by the police as unprecedented in their experience — warranted significant punishment. We have

no cause for finding that a 24-year sentence was disproportionate to those imposed on similar offenders.

{¶30} This cause is reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover from said appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.     A     certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;

KENNETH A. ROCCO, J., CONCURS WITH
SEPARATE OPINION.


KENNETH A. ROCCO, J., CONCURRING:

{¶31} Although I agree with the majority opinion's disposition of this appeal, I concur in judgment with a separate opinion; I feel compelled to write separately in order to express my empathy with the dilemma faced by trial courts with respect to felony

sentencing in the wake of statutory changes and in the face of the conflicting precedents issued by the Ohio Supreme Court and this court. The doctrine of stare decisis now appears to be a mythical beast when it comes to criminal law. As an example, I need only point out the quick progression from *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, to *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, to *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26.

{¶32} The majority opinion describes the lack of guidance available to trial courts by describing the back-and-forth nature of the law in effect in ¶ 2-5 and in Subsections "B," "C," and "D." Indeed, this court finds itself in the same quandary. Despite the majority opinion's pronouncement in ¶ 10 that it considers the standard of review set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, no longer valid after H.B. 86 went into effect, other panels of this court have stated precisely the opposite. *See, e.g. State v. Schmidt*, 8th Dist. No. 98731, 2013-Ohio-1552, fn. 1; *State v. Perez*, 8th Dist. No. 98417, 2013-Ohio-1178; *State v. Timothy*, 8th Dist. No. 98402, 2013-Ohio-579.

{¶33} This court cannot agree on the standard of appellate review; how much harder must it be for trial courts to know which precedent to follow when it comes to imposing sentence.