[Cite as *State v. Money*, 2013-Ohio-4535.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-02-016 |
| | : | O P I N I O N |
| - vs - | | 10/14/2013 |
| | : | |
| NATASHA MICHELLE MONEY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 00217


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 S. Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Natasha Money, appeals her eight-year sentence in the Clermont County Court of Common Pleas, after she pled guilty to eight counts of burglary.

{¶ 2} Money and her accomplice, Jason LaFountain, were involved in a multi-state crime spree throughout Tennessee, Kentucky and Ohio. Money would drive LaFountain to homes, and he would break in and steal various items of personal property. LaFountain and

Money would then exchange the property for narcotics. After eight different residences in the Clermont County area were broken into, police apprehended LaFountain, and Money turned herself into police custody.

{¶ 3}    Money was charged with eight counts of burglary, each second-degree felonies. Money pled guilty to eight counts, which the state agreed to reduce to third-degree felonies. The trial court sentenced Money to one-year terms for each of the eight counts, and ordered that she serve the sentences consecutively for an aggregate prison sentence of eight years. Money now appeals her sentence, raising the following assignment of error.

{¶ 4}    THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT.

{¶ 5}    Money argues in her sole assignment of error that the trial court erred in ordering her to serve an eight-year sentence.

{¶ 6}    "The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.,* 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 7}    Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law."

A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott,* 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 8} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes,* 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Instead, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review," as "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 9} After reviewing the record, we find the trial court's sentence is not clearly and convincingly contrary to law. The trial court very clearly stated that it had considered the purposes and principles of sentencing according to R.C. 2929.11 and balanced the seriousness and recidivism factors within R.C. 2929.12. The trial court reiterated the facts contained in Money's pre-sentence investigation report, including the seriousness of Money's crimes, and that Money's driving LaFountain to the various residences throughout the county permitted him to facilitate each burglary. The trial court also recounted how deeply the victims had been affected by the crimes, and how each suffered serious financial and mental harm from the criminal activity of LaFountain and Money.

{¶ 10} The trial court sentenced Money to one year on each of the burglary charges, which were felonies of the third degree. According to R.C. 2929.14(A)(3)(b), the sentences were therefore within the statutory range. Having considered the purposes and principles of sentencing, and sentencing Money within the statutory range for her offenses, the trial court's sentence was not clearly and convincingly contrary to law.

{¶ 11} Nor was the consecutive nature of the sentence erroneous. According to 2929.14(C),

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} The trial court fulfilled the statutory duty to make findings before ordering consecutive sentences. During the sentencing hearing, the trial court expressly found that (1) consecutive sentences were necessary to protect the public from future crime and to punish Money, and (2) that consecutive sentences were not disproportionate to the seriousness of Money's conduct and to the danger she poses to the public. In addition to these two findings, the trial court found that Money committed multiple offenses as part of a course of conduct and that the harm caused by each of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflected the seriousness of her conduct. These findings fulfilled the statutory requirements and are supported by the record.

{¶ 13} Having reviewed the record, the trial court's sentence of eight years was not clearly and convincingly contrary to law, and the trial court made the requisite findings before ordering Money to serve consecutive sentences.  Therefore, Money's assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.