[Cite as *State v. Welch*, 2014-Ohio-695.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 99349

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEE WELCH

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529812

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 27, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Mary H. McGrath
            Adam M. Chaloupka
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Lee Welch appeals his resentencing in the Cuyahoga County Court of Common Pleas following a remand from this court for merger of certain allied offenses. For the following reasons, we affirm.

{¶2} The relevant procedural history was set forth by this court in *State v. Welch*, 8th Dist. Cuyahoga No. 95577, 2011-Ohio-3243 (hereinafter "*Welch* I"):

> On October 16, 2009, defendant was charged in a 67-count indictment relating to alleged sexual abuse of K.W. The case was tried to the court, and on June 28, 2010, defendant was convicted of 12 counts of rape, 12 counts of kidnapping, 13 counts of sexual battery, and one count each of gross sexual imposition, importuning, and disseminating matter harmful to juveniles.
>
> On July 19, 2010, the court sentenced defendant to 36 years in prison, as follows: the rape and kidnapping convictions merged and defendant was sentenced to three years in prison for each of these 12 counts, to run consecutive to one another, totaling 36 years; two years in prison for each count of sexual battery; and one year in prison for each remaining count, all to run concurrently.

*Id*. at ¶ 3-4.

{¶3} In *Welch* I this court affirmed Welch's convictions but found that Welch's conduct of having sexual intercourse with his teenage daughter could result in the commission of both rape and incest under the sexual battery statute. As such, the court found that 12 of defendant's convictions for both offenses were based on the same conduct and state of mind, albeit in respect to 12 incidents. Therefore, these offenses were allied and should have been merged for sentencing. We remanded for the trial court to properly

merge those offenses and for the state to elect which offenses to proceed with at resentencing.

{¶4} On remand, the state elected to merge the sexual battery counts into the rape counts. In regard to the 12 rape counts, the trial court imposed a three-year prison term for each count and ordered those counts to run consecutive to one another. All other previously imposed sentences were unaffected by our remand and remained concurrent sentences to the cumulative 36-year prison term imposed on the rape counts. Welch appeals.

{¶5} Welch's first assignment of error states:

The trial court's imposition of consecutive sentences was clearly contrary to the record.

{¶6} When reviewing a felony sentence we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶7}** A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

**{¶8}** R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶9} In the present case, the trial court found the first two requirements met and additionally found R.C. 2929.14(C)(4)(b) satisfied. Appellant does not dispute that the trial court made the required findings but instead argues that the trial court's findings were not supported by the record.

{¶10} This court held in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, that if the trial court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]" We explained:

> It is * * * important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*Id*. at ¶ 21.

{¶11} This court cannot find that the trial court's consecutive sentencing findings are "clearly and convincingly" unsupported in the record. At resentencing, the trial judge noted that she was the trial judge and trier of fact in this case. She heard all the evidence and found Welch guilty. The victim of the 12 rapes in this case was Welch's own daughter, K.W., who was between the ages of 14 and 15 at the time of the offenses. Although Welch continued to maintain his innocence at the time of his resentencing, in *Welch I*, this court upheld Welch's convictions in the face of sufficiency and manifest weight challenges. The trial court found that the harm caused by the multiple offenses of rape in this case was so great and unusual that no single prison term for any one of the

rapes adequately reflected the seriousness of the crimes. We cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4).

**{¶12}** Welch's first assignment of error is overruled.

**{¶13}** Welch's second assignment of error states:

The trial court erred in failing to give reasons in support of its findings for imposition of consecutive sentences.

**{¶14}** Welch argues that the trial court failed to provide reasons to support its consecutive sentence findings. However, the record does not support this contention because the trial court did, in fact, discuss its rationale behind its consecutive sentence findings. Nonetheless, it is firmly established in our case law that a trial court is not required to provide reasons for selecting consecutive sentences. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 16. "Although the trial court is free to explain its reasons for selecting consecutive sentences and to share its thoughts with the defendant, these statements should be separate from the court's actual findings." *State v. McKinney*, 8th Dist. Cuyahoga No. 99270, 2013-Ohio-5730, ¶ 30.

**{¶15}** Welch's second assignment of error is overruled.

**{¶16}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, J., CONCURS
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY