[Cite as *State v. Terry*, 2014-Ohio-4892.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| STATE OF OHIO, | : | |
| --- | --- | --- |
| | | CASE NOS. CA2014-02-053 |
| Plaintiff-Appellee, | : | CA2014-03-062 |
| | : | O P I N I O N |
| - vs - | | 11/3/2014 |
| | : | |
| CHRISTOPHER TERRY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2012-12-2019 and CR2013-01-0004


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Christopher Terry, appeals a decision of the Butler County Court of Common Pleas, revoking his community control.

{¶ 2} In late 2012, Terry committed multiple theft offenses in an attempt to fund his drug addiction. Terry first broke into a home and stole various items of personal property, including a television and jewelry. Terry also broke into a store and stole items, including a

portable DVD player and gaming devices. Terry was arrested and charged in two separate cases with burglary, theft, and breaking and entering.

{¶ 3} The two cases against Terry were consolidated, and Terry pled guilty to each charge. The trial court held a sentencing hearing and sentenced Terry to an aggregate sentence of three years. The sentence was comprised of three years for the burglary charge, a one-year concurrent sentence for the breaking and entering charge, and time already served for the theft charge. The trial court reserved the imposed sentence and placed Terry on community control, ordering Terry to attend the Community Correctional Center, obtain employment, and report for intensive supervision for one year and basic supervision for two years after his intensive supervision period expired.

{¶ 4} After completing some of the Community Correctional Center program and obtaining his GED, Terry violated the terms of his community control by failing to report for his supervision. Specifically, Terry's probation officer reported to the court that Terry failed to appear for scheduled office appointments, that attempts to locate him had been unsuccessful, and that Terry's whereabouts were unknown. Eventually, a warrant was issued and Terry was arrested and ordered to appear for a revocation hearing.

{¶ 5} The trial court held a hearing, at which Terry admitted to violating the terms of his community control. The trial court revoked Terry's community control and ordered Terry to serve the three-year sentence the trial court imposed at the first sentencing hearing. Terry now appeals the trial court's ruling, raising the following assignment of error.

{¶ 6} THE COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM SENTENCE UPON THE APPELLANT UPON REVOCATION OF PROBATION FOR FAILURE TO REPORT TO PROBATION OFFICER [SIC] AND NO OTHER VIOLATIONS WERE ALLEGED OR SHOWN.

{¶ 7} Terry argues in his assignment of error that the trial court erred by revoking his

community control and imposing a three-year sentence.

{¶ 8} "The privilege of community control rests upon the probationer's compliance with the community control conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Sturgill*, 12th Dist. Butler No. CA2011-08-166, 2012-Ohio-4102, ¶ 13, citing *State v. Simpson*, 12th Dist. Butler No. CA2000-12-251, 2002-Ohio-1909, ¶ 23. An appellate court will not reverse a trial court's decision to revoke community control absent an abuse of discretion. *Sturgill* at ¶ 13. More than an error of law, an abuse of discretion connotes that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 9} After reviewing the record, we find no abuse of discretion in the trial court's decision to revoke Terry's community control, as there was evidence presented to demonstrate that Terry violated the term of his community control by failing to appear for scheduled appointments with his parole officer. Moreover, Terry admitted at the revocation hearing that he violated the terms of his community control by failing to appear for his scheduled meetings. Despite Terry's argument that revocation was an abuse of discretion because he had only violated one term of his community control, *any* violation of community control conditions may properly be used to revoke the privilege. As such, we find that the trial court did not abuse its discretion in revoking Terry's community control.

{¶ 10} Terry also challenges the three-year sentence the trial court ordered him to serve. However, Terry is foreclosed from challenging his sentence, as the proper time to challenge the three-year term was when the trial court first imposed the sentence. *State v. Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529. As this court explained in *Painter*, any questions concerning the validity of a sentencing entry or matters pertaining thereto should be raised on a direct appeal of that particular entry, and not through a collateral attack of the revocation of community control. *Id.* at ¶ 15.

{¶ 11} Even so, we find that Terry's three-year sentence was proper, as it was not contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *State v. Money*, 12th Dist. Clermont No. CA2013-02-016, 2013-Ohio-4535. Here, the trial court abided by its statutory requirements when it imposed a three-year sentence on Terry, and the three-year sentence was within the statutory range for his crimes. As such, Terry's sentence was valid.

{¶ 12} Having found that the trial court properly revoked community control and that Terry's sentence was valid, we overrule Terry's assignment of error.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.