[Cite as *State v. Corti*, 2018-Ohio-903.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO.  2016-L-129** |
| - vs - | : | |
| KELLEN M. CORTI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000449.

Judgment:  Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH  44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Kellen Corti, appeals his sentence in the Lake County Court of Common Pleas following his guilty plea to five counts of burglary.  At issue is whether the trial court's imposition of consecutive sentences was contrary to law.  For the reasons that follow, we affirm.

{¶2}    On September 29, 2015, appellant was indicted for ten counts of burglary and three counts of receiving stolen property.  Appellant pled not guilty.

{¶3} On January 20, 2016, appellant and the state entered a plea bargain pursuant to which appellant agreed to plead guilty to five counts of burglary, two counts being felonies of the second degree and three counts being felonies of the third degree. In exchange for his plea, the state agreed to move to dismiss the remaining eight counts.

{¶4} The state advised the court that it would recommend a sentence of twelve years in prison and that appellant was free to ask for whatever sentence he wished. The court advised appellant that the maximum potential prison term under this plea was 31 years.

{¶5} After advising appellant of his rights under Crim.R. 11(C), appellant advised the court he wanted to waive his rights and plead guilty.

{¶6} The prosecutor provided a factual basis for the plea. He said the indictment alleged that, between December 2014 and May 2015, appellant committed five separate burglaries in five separate homes with five separate victims. The prosecutor said that as to each burglary, appellant went to the front door of the victim's home with flyers and knocked on the door. If someone was home, he gave them a flyer and went to the next target house. If no one was home, he broke into the residence and stole expensive items, including jewelry, which he later pawned.

{¶7} The prosecutor said that as to the felony-two burglaries to which appellant agreed to plead guilty, the victim was home and that as to the felony-three burglaries, no one was home.

{¶8} Appellant told the court that the facts recited by the prosecutor were true and that he was in fact guilty of each of the five burglary counts. He signed a written

2

guilty plea form in which he said he was voluntarily pleading guilty, withdrew his not-guilty plea, and pled guilty. The court found that appellant voluntarily waived his rights, accepted his plea, and found him guilty of each offense. The court referred the case to the probation department for a presentence report.

{¶9} On February 22, 2016, the court sentenced appellant to three years in prison for both felony-two burglaries, 18 months for two of the felony-three burglaries, and one year for one of the felony-three burglaries. The court made the necessary findings and ordered the sentence on each count to be served consecutively, for a total of 10 years in prison.

{¶10} Appellant asserts the following for his sole assignment of error:

{¶11} "The trial court erred by imposing consecutive sentences upon appellant."

{¶12} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

{¶13} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence * * * given by the sentencing court.

{¶14} The appellate court may * * * modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶15} (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *;

{¶16} (b) That the sentence is otherwise contrary to law.

{¶17} The clear and convincing standard in R.C. 2953.08(G)(2) is highly deferential as the standard is written in the negative. *State v. Venes*, 8th Dist.

3

Cuyahoga No. 98682, 2013-Ohio-1891, ¶21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* "Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Accordingly, this court can only modify or vacate a sentence if it determines, by clear and convincing evidence, that the record does not support the trial court's decision or if the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶7.

{¶18} Appellant does not dispute that his guilty plea was voluntary. Nor does he dispute that the court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. He concedes the trial court "effectively made all of the findings necessary to impose consecutive sentences," but argues the trial court otherwise erred in imposing such sentences.

{¶19} R.C. 2929.14(C)(4) provides:

{¶20} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds *any of the following*:

{¶21} (a) The offender committed one or more of the multiple offenses while the offender was * * * under a sanction imposed pursuant to section 2929.16 * * * of the Revised Code [concerning community residential sanctions] * * *.

{¶22} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4

{¶23}     (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.  (Emphasis added.)

{¶24} The Supreme Court of Ohio, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus.

{¶25} If the trial court has properly made the required findings in order to impose consecutive sentences, an appellate court must affirm those sentences unless it clearly and convincingly finds that the record does not support the court's findings.  *Venes, supra,* at ¶19.

{¶26} Here, the trial court made the following findings with respect to its imposition of consecutive sentences:

{¶27}     The Court makes the findings with respect to the consecutive sentences that they are necessary to protect the public from future crimes committed by this Defendant, as well as to punish this Defendant.  And the Court also finds that the consecutive sentences are not disproportionate to the seriousness of the multiple crimes committed in this case, and also to the danger that he poses to the public * * *.  In addition, the court also is imposing consecutive sentences because the Defendant was * * * under community control sanctions through the Geauga County Common Pleas Court at the time these crimes were committed.  The Court also finds that the Defendant's history of criminal conduct * * * demonstrates that consecutive sentences are necessary to protect the public from future crimes committed by this Defendant.

{¶28} I incorporate all the findings I made earlier to support that determination [that the Defendant's criminal history demonstrates consecutive sentences are necessary to protect the public.] [T]he [nine] juvenile delinquency adjudications within a ten year period of time, now [ten] criminal convictions as an adult over a two year

5

period of time, which again now includes seven felony convictions certainly supports that, in addition to the prior probation violations and the fact he was on community control at the time the crimes were committed. Nine burglary crimes have been committed over a ten year period of time, including the five in this case, all of them having been felonies, the two in particular had he been an adult as opposed to a juvenile would have been felony offenses as well. So, all of that would support the history of criminal conduct demonstrating the need to protect the public from future crimes committed by this Defendant. In addition, the crimes are separate and distinct crimes. They occurred at different times, different places, * * * different losses by separate victims. So, again all of that * * * supports the finding[ ] that the Defendant needs to serve consecutive sentences.

{¶29} Appellant argues that the record does not support a finding that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct. We disagree. The record shows that appellant broke into the homes of five separate victims in four separate cities and on different dates in Lake County. The record shows that at least three of the five victims suffered economic harm totaling $22,500, resulting from appellant's theft of what the trial court referred to as "irreplaceable, sentimental, heirloom jewelry and items, things that can never be replaced no matter what the economic value." The record shows all five victims suffered psychological harm. As the court noted, they each stated they feel unsafe, fearful, and distressed in their own homes. The record shows that two of the victims had a face-to-face encounter with appellant after he broke into their homes, which contributed to their psychological harm. In any event, the court was *not* required to make the unusual-harm finding under R.C. 2929.14(C)(4)(b) because the court made findings under R.C. 2929.14(C)(4)(a) (regarding appellant being on community control) and (c) (regarding his prior criminal conduct).

6

{¶30} Next, while appellant concedes the trial court considered his lengthy history of prior criminal offenses, he suggests that because he has a drug problem, consecutive sentences are not necessary to protect the public from future crime. However, the record shows otherwise. The court noted that, based on appellant's criminal history, it is likely he will continue to commit crimes in the future. The court noted appellant had a history of nine juvenile delinquency adjudications in a five-year period, including two burglary offenses in 2006. The court also noted that appellant was convicted of two separate burglaries in Geauga County in 2014, and that he was on community control when he committed the five crimes involved in the instant case. In any event, as the state notes, appellant's substance abuse is not one of the consecutive sentencing factors the trial court was required to consider.

{¶31} Further, appellant argues he was never given an opportunity to receive treatment for his drug problem; however, the record shows otherwise. The court noted:

{¶32} [Appellant] has been given at least one opportunity to obtain treatment through the system previously, that being a program at the Lake/Geauga Center. The record reflects that he filled out the paperwork, went through the initial assessment, * * * but never returned, never began or completed that program when that opportunity was given to him. By his own words it's because he had returned to drug use by that point in time. So, opportunity has been given.

{¶33} Finally, appellant argues that R.C. 2929.14(C) is redundant in that the need to protect the public from the defendant's future crimes is mentioned twice in the statute, first, as one of the two required findings for consecutive sentences in R.C. 2929.14(C)(4), and, second, as one of the three alternative findings in R.C. 2929.14(C)(4)(c). While there is some overlap in the statute, these two findings are not identical. Pursuant to R.C. 2929.14(C)(4), the court was required to find consecutive

sentencing is necessary to protect the public from future crime. In contrast, the alternative finding in R.C. 2929.14(C)(4)(c) requires the court to find that *the offender's criminal history shows that* consecutive sentencing is necessary to protect the public. The language concerning the offender's criminal history is not included in R.C. 2929.14(C)(4), while it is included in R.C. 2929.14(C)(4)(c). This distinction shows that R.C. 2929.14(C)(4) can be demonstrated by something other than the offender's criminal history. In any event, any alleged redundancy in the statute is moot because, as appellant concedes, the record also supports the court's alternative finding in R.C. 2929.14(C)(4)(a), i.e., that appellant committed the current offenses while under a community control sanction. Thus, the trial court was not required to make the alternative finding in R.C. 2929.14(C)(4)(c) in order to impose consecutive sentences.

{¶34} We thus do not clearly and convincingly find that the record does not support the trial court's R.C. 2929.14 findings or that the sentence is contrary to law.

{¶35} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.