[Cite as *State v. Bolden*, 2018-Ohio-909.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-L-106 |
| LAWRENCE M. BOLDEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000454.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Kelsey R. Lutz,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Lawrence M. Bolden, appeals his conviction for aggravated robbery, following his guilty plea, in the Lake County Court of Common Pleas. At issue is whether the trial court erred in imposing the maximum sentence. For the reasons that follow, we affirm.

{¶2} On June 2, 2017, appellant was charged via information with aggravated robbery, a felony of the first degree. At the time of this offense, appellant was on post-release control. Appellant entered a plea bargain with the state pursuant to which he would plead guilty to the information; the state would recommend the maximum sentence of 11 years in prison, to be served consecutively to the two and one-half years remaining on his post-release control, for a total of 13 and one-half years; and he could ask for whatever sentence he wished. In exchange for his plea, the state agreed not to charge him with a repeat violent offender specification, which carried a potential additional 10-year prison term.

{¶3} During appellant's guilty plea hearing, the state presented facts showing that on April 4, 2017, appellant entered Ken's Beverage store in Painesville. After appellant spoke with a female store clerk for awhile, she went to another part of the store. Another female clerk went behind the counter. Appellant spoke to her briefly; went around to the employee side of the counter; took out and brandished a knife; and ordered her to open the cash register. She refused and appellant then took a cigar box containing tip money and fled from the store. He stole approximately $80.00. Appellant admitted the foregoing facts were true.

{¶4} After the trial court advised appellant of his rights and the maximum potential sentence, he pled guilty. The court found the plea was voluntary; accepted it; and found him guilty of aggravated robbery. The court referred the matter for a pre-sentence report and an updated comprehensive psychological evaluation.

{¶5} At appellant's sentencing, his counsel said that appellant regretted his conduct, but said his behavior was due to mental health issues and drug and alcohol

abuse. Counsel said that when appellant was released from prison for his most recent conviction, he did not have a support system; resumed his drug and alcohol abuse; and fell back into his old patterns. While counsel acknowledged appellant was facing a mandatory sentence, he asked the court to impose a "minimal sentence." Appellant also apologized to his victims.

{¶6} The prosecutor said that, despite appellant's apology, due to his extensive criminal record, which, he said, "reads like Title 29," the state recommended the court impose the maximum sentence.

{¶7} The court sentenced appellant to a mandatory term of 11 years in prison for aggravated robbery and the two and one-half years remaining on his post-release control, the two terms to be served consecutively, for a total of 13 and one-half years.

{¶8} Appellant appeals his sentence, asserting the following for his sole assignment of error:

{¶9} "The trial court erred by sentencing the defendant-appellant to a maximum, eleven-year prison term."

{¶10} Appellant argues that in imposing the maximum sentence, the trial court did not give adequate weight to the factors in R.C. 2929.12 making an offense less serious.

{¶11} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

{¶12} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence * * * given by the sentencing court.

{¶13} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the

3

sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶14} (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *;

{¶15} (b) That the sentence is otherwise contrary to law.

{¶16} The clear and convincing standard in R.C. 2953.08(G)(2) is highly deferential as the standard is written in the negative. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* "Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Accordingly, this court can only modify or vacate a sentence if it determines, by clear and convincing evidence, that the record does not support the trial court's decision or if the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶7.

{¶17} Further, the Ohio Supreme Court has held that R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42. Instead, "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12.'" *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. "The trial court satisfies its obligation to consider the seriousness and recidivism factors in R.C. 2929.12 by stating that it considered them." *Brown, supra*. Further, this court has stated that "[a] trial court is not required to give

4

any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors * * *." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. Finally, trial courts are no longer required to make findings or give reasons for imposing maximum sentences. *Foster, supra*, at paragraph 7 of the syllabus.

{¶18} At the sentencing hearing, and again in its sentencing entry, the trial court said it had considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶19} With respect to the seriousness and recidivism factors in R.C. 2929.12, the trial court noted the existence of factors in the present case that make the offense more serious. In support, the court noted the victims suffered serious psychological harm per R.C. 2929.12(B)(2). As to factors making the offense less serious, the court noted appellant did not cause or expect to cause physical harm to any person per R.C. 2929.12(C)(3).

{¶20} Further, the court noted the existence of several factors under R.C. 2929.12(D) making recidivism likely. The court stated:

{¶21} The offense was committed while [appellant was] on post release control. [R.C. 2929.12(D)(1).] I sent the Defendant to prison in 2011 on a 5 year prison sentence for robbery, same conduct as here, and burglary, both violent crimes. I gave him a 5 year prison sentence. He was released on October 10, 2016 on 3 years of post release control. * * * Defendant has a previous criminal history and history of juvenile delinquency. [R.C. 2929.12(D)(2).] In fact, he went to youth prison in 2002. He's got a felony 3 possession of cocaine where he got one year in prison in 2007; 2008 trafficking in cocaine, 8 months in prison, getting out in 2009. He has a conviction for domestic violence and resisting arrest; 2011 burglary out of Cuyahoga County where he received a 3 year prison sentence. And while on post release control about halfway between being placed on post release control and his committing

5

these, he picked up a robbery charge in Cuyahoga County. That case is still pending. There's been a rehabilitation failure after previous convictions and delinquency adjudications. [R.C. 2929.12(D)(3).] The court finds that the offense was committed under circumstances very likely to recur. The court finds no factors making recidivism less likely. Actually, two more factors make recidivism likely. * * * The Defendant's Ohio risk assessment score is 33, which is moderate to high, more high than moderate. And the psychologist's opinion renders a diagnosis of anti-social personality. * * * The Court determines that the Defendant poses the greatest likelihood of recidivism for the reasons stated.

{¶22} Appellant argues the court erred in sentencing him to the maximum, 11-year term on his aggravated robbery conviction. In support, he argues the court ignored or discounted mitigating factors in R.C. 2929.12 that made his behavior less serious and would have supported a lesser sentence. These factors included his traumatic childhood; mental health problems, like hearing voices and schizophrenia; drug and alcohol abuse, and remorse for his actions. While appellant stated he had previously been diagnosed with various mental disabilities, the court psychologist, who had evaluated appellant several times in the past, said in his current report, "[i]n each prior evaluation [appellant] overexaggerated and over-reported his pathology. Malingering was diagnosed and this writer could not confirm mental illness." Regarding his current evaluation, the psychologist said appellant's test score "suggests with virtual certainty intentional exaggeration and over-reporting of his psychological problems." Further, the psychologist stated, "Many people with schizophrenia and other thought disorders * * * do not necessarily engage in crime like he does." The psychologist concluded that, even if he does have mental health problems, "these are not causative in the actions he finds himself in trouble for now."

6

{¶23} As noted above, the trial court said that it considered the seriousness factors in R.C. 2929.12, and discussed the pertinent factors as they related to this case. Based on our review of the record, the trial court considered these factors and, for this reason, we cannot clearly and convincingly find that appellant's sentence was contrary to law.

{¶24} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.