The STATE of Ohio, Appellee,

v.

WOODS, Appellant.

[Cite as *State v. Woods,* 192 Ohio App.3d 494, 2011-Ohio-727.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94981

Feb. 17, 2011.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Marcus L. Wainwright, Assistant Prosecuting Attorney, for appellee.

Jonathan N. Garver, for appellant.

———————

Kenneth A. Rocco, Judge.

{¶ 1} After entering a guilty plea to a charge of drug trafficking with a forfeiture specification, defendant-appellant Almichael Woods appeals his conviction and the sentence imposed upon him. The trial court ordered the sentence in this case to be served consecutively to the sentence imposed in another case.

{¶ 2} Woods presents three assignments of error. He claims that the trial court failed to comply with the mandate of Crim.R. 11(C)(2)(c) prior to accepting his plea, thus rendering his guilty plea invalid. He further claims that the trial court induced him to enter his plea with the promise of a concurrent sentence, and his trial counsel rendered ineffective assistance by failing to raise any challenge to the sentence imposed.

{¶ 3} Since a review of the record demonstrates that the trial court did not strictly comply with its duties when it informed Woods of the constitutional rights he was waiving in entering his plea, Woods's plea must be vacated. This renders his other two claims moot.

{¶ 4} The record reflects that Woods was indicted in this case on three counts. The indictment charged him and a codefendant with possession of and trafficking in crack cocaine, in an amount equal to or exceeding five grams but less than ten grams, and with possession of criminal tools. Each count contained a forfeiture specification relating to $2,982 in cash.

{¶ 5} Woods and his codefendant entered pleas of not guilty to the charges at the arraignment. More than a year later, after being informed that a plea agreement had been reached with both defendants, the trial court called this case for a hearing.

{¶ 6} At the outset of the hearing, the prosecutor set forth the outline of the deal, i.e., in exchange for guilty pleas to Count 2, the trafficking charge, amended to an amount "equal to or exceeding one gram, but less than five grams" with the forfeiture specification, the state would dismiss the other two counts against both defendants. Defense counsel concurred that the prosecutor made a correct statement of the agreement.

{¶ 7} The trial court proceeded to address Woods and his co-defendant. The following exchange occurred: [1]

———————

1. Quoted text is limited to the remarks the trial court directed at Woods.

{¶ 8} "THE COURT: Okay. Now, does everybody understand that if you plead guilty to this amended charge, it is like giving a speech, * * *, this is the crime I committed right here, and I admit I did it? * * *

{¶ 9} "DEFENDANT WOODS: Yes.

{¶ 10} " * * *

{¶ 11} "THE COURT: You understand that you don't have to plead guilty. You are welcome to stay with not guilty and go to trial on all of the original charges in this case. * * *. Mr. Woods?

{¶ 12} "DEFENDANT WOODS: Yes.

{¶ 13} "THE COURT: And at trial, you can always pick a trial to the judge, trial to the jury. That's always up to you what kind of trial you get, right? * * *

{¶ 14} "DEFENDANT WOODS: Yes.

{¶ 15} "THE COURT: At trial you would always have a lawyer. If you can't afford one, one is appointed at no cost to you. * * * Understood, Mr. Woods?

{¶ 16} "DEFENDANT WOODS: Yes.

{¶ 17} "THE COURT: And you understand that at trial you and your lawyer get to cross-examine all of the witnesses they put on the stand against you? * * * [Y]ou understand that, right, Mr. Woods?

{¶ 18} "DEFENDANT WOODS: Yes.

{¶ 19} " * * *

{¶ 20} "THE COURT: All right. * * * So you understand that you and your lawyer have a right to cross-examine the witnesses against you and that you and your lawyer can issue subpoenas, and the subpoenas are a way for you to get your trial witnesses in the courtroom to testify for you. The Court will enforce those subpoenas and make those people come in here and get them on the witness stand to speak.

{¶ 21} "Understood, * * * Mr. Woods?

{¶ 22} "DEFENDANT WOODS: Yes.

{¶ 23} "THE COURT: You understand that at trial you don't have to speak or testify. You have a right to remain silent at trial, and we will not let anybody comment on that silence and use it as a way to suggest somehow you are guilty because you didn't speak up.

{¶ 24} "Understood, * * * Mr. Woods?

{¶ 25} "DEFENDANT WOODS: Yes.

{¶ 26} "THE COURT: Okay. Let's look at amended Count 2. They are claiming drug trafficking, saying that the two of you each in August of 08 in this county knowingly prepared for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance, to wit: crack cocaine * * * in an amount that was at least one gram, but less than five grams * * *."

{¶ 27} After thus describing the amended charge with the specification, the trial court set forth the potential penalties involved. The court indicated that since the offense was a fourth-degree felony, if the defendants were "convicted of that," the court could "pick between a prison sentence and a community sentence." The court proceeded to describe what each option entailed. The court also informed the defendants that it was required to suspend their driving privileges.

{¶ 28} At the conclusion of this colloquy, the court separately asked each defendant, "How do you want to plead to amended Count 2, drug trafficking?" Woods answered, "Guilty."

{¶ 29} The court thereupon accepted both defendants' pleas, found them guilty of the offense, and dismissed the remaining charges. When Woods's case proceeded to sentencing, the court imposed an 18–month prison term and ordered it to be served consecutively to terms imposed for Woods's several convictions in another case.

{¶ 30} Woods presents three assignments of error in this appeal.[2]  His second is dispositive; it states:

{¶ 31} "II. The trial court committed prejudicial error and denied Appellant due process of law by accepting his guilty plea without first advising him of his constitutional rights and determining he understood that, by entering his guilty plea, he was waiving important constitutional rights including, but not limited to: (1) the presumption of innocence;  (2) the burden of proof;  and (3) the requirement of proof beyond a reasonable doubt."

{¶ 32} Woods argues that the trial court acted improperly in accepting his plea because it failed to comply with the mandate of Crim.R. 11(C)(2)(c).  Since the record reflects that the facts of this case mirror those faced by the Ohio Supreme Court in *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, this court is constrained to agree.

{¶ 33} In *Veney*, the Supreme Court stated the following at the syllabus:

{¶ 34} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the

---

**2.** Woods's first and third assignments of error are set forth in an appendix attached to this opinion.

right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) *the right to require the state to prove guilt beyond a reasonable doubt,* and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)" (Emphasis added.)

{¶ 35} The Supreme Court explained its reasoning in *Veney* as follows:

{¶ 36} "[A]s the United States Supreme Court held the year after *Boykin* [*v. Alabama* (1969), 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274], the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of an accused. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. We therefore * * * hold that the duty to advise the defendant of the right to have guilt proven by the state beyond a reasonable doubt is among the duties of Crim.R. 11(C)(2)(c) with which the court must strictly comply." Id. at ¶ 21.

{¶ 37} At ¶ 29–30, the *Veney* court went on to state:

{¶ 38} "[P]ursuant to the strict-compliance standard set forth in [*State v.*] *Ballard* [ (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115], the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant. 'We cannot presume a waiver of these * * * important federal rights from a silent record.' *Boykin,* 395 U.S. at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. *When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid.* See *Ballard,* 66 Ohio St.2d at 481, 20 O.O.3d 397, 423 N.E.2d 115; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶ 39} "In the present case, it is undisputed that the trial court plainly failed to orally inform Veney of his constitutional right to require the state to prove his guilt beyond a reasonable doubt. This failure to strictly comply with Crim.R. 11(C)(2)(c) renders Veney's plea invalid. * * *." (Emphasis added.)

{¶ 40} This court previously has applied *Veney* to observe that it "reaffirmed the strict compliance standard as it pertains to a defendant's constitutional rights under Crim.R. 11(C)(2) * * *." *State v. Loder,* Cuyahoga App. Nos. 93242 and 93865, 2010-Ohio-3085, 2010 WL 2636611, ¶ 40. In Woods's case, the trial court informed Woods of certain constitutional rights, but, like the trial court in *Veney,* it neglected to explain that due to the presumption of innocence, the state was required to prove Woods's guilt of the offense beyond a reasonable doubt.

{¶ 41} Since this case presents facts identical to those presented in *Veney,* this court is compelled to declare Woods's plea invalid, sustain Woods's second assignment of error, and vacate his plea.

{¶ 42} This disposition renders Woods's first and third assignments of error moot. App.R. 12(A)(1)(c).

{¶ 43} Woods's plea is vacated; therefore, his conviction and sentence are reversed, and this case is remanded for further proceedings.

Judgment accordingly.

KILBANE, A.J., and JONES, J., concur.

APPENDIX

{¶ 44} Woods's first and third assignments of error state:

{¶ 45} "I. The trial court committed plain error and denied Appellant due process of law by imposing a consecutive sentence after having induced Appellant to plead guilty by agreeing to impose a concurrent sentence. Under *Santabello* [*Santobello* ] *v. United States* (1971), 404 U.S. 257 [92 S.Ct. 495, 30 L.Ed.2d 427], Appellant is entitled to specific performance of the trial court's commitment to impose a concurrent sentence.

{¶ 46} "III. Appellant was denied the right to effective assistance of counsel. Sixth and Fourteen[th] Amendments, Constitution of the United States; Article I, § 10, Constitution of the State of Ohio."