[Cite as *State v. Venes*, 2012-Ohio-81.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96780**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM VENES

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546427

**BEFORE:** Rocco, J., Jones, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

-i-

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Jesse W. Canonico
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1}   Defendant-appellant William Venes appeals from his convictions after he entered guilty pleas to 111 counts of pandering sexually-oriented matter involving a minor and one count of possession of criminal tools.

{¶ 2}   Venes presents one assignment of error.  He asserts his pleas were invalid because the trial court failed to inform him of one of the constitutional rights he was waiving in entering his pleas.

**{¶ 3}** Since the state concedes Venes's assertion, and since the record reflects it is accurate, Venes's assignment of error is sustained. His convictions are reversed, and this case is remanded for further proceedings.

**{¶ 4}** Venes was indicted in this case on January 24, 2011. The indictment charged him with 111 counts of pandering sexually-oriented matter involving a minor, and one count of possession of criminal tools, to wit: a computer. He pleaded not guilty to the charges at his arraignment.

**{¶ 5}** Two months later, on March 24, 2011, Venes agreed to change his pleas and enter a guilty plea to all the charges. During the colloquy, the trial court did not mention Venes had a constitutional right to compulsory process.

**{¶ 6}** After Venes entered his guilty pleas, the trial court accepted them and referred him for a presentence investigation and report. The trial court subsequently sentenced Venes to a prison term that totaled 24 years.

**{¶ 7}** In this appeal from his convictions, Venes presents the following assignment of error.

**{¶ 8}** "I. The trial court did not comply with Crim.R. 11 and defendant's plea was not knowingly, intelligently, and voluntarily made."

**{¶ 9}** Venes argues the trial court's failure to inform him during the Crim.R. 11(C) colloquy of his right to compulsory process renders his plea invalid. The state concedes Venes's argument. Since the record reflects the trial court did not ensure

Venes understood all of the constitutional rights he was waiving in entering his pleas, his convictions must be reversed.

{¶ 10} In *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9-14, the Ohio Supreme Court recently stated:

> "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶7.

> "Crim.R. 11(C) requires a trial judge to determine whether that criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea. Of particular relevance to the case at bar is Crim.R. 11(C)(2)(c), which provides:

> "'In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> "' * * *

"'Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, *to have compulsory process for obtaining witnesses in the defendant's favor*, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.' (Emphasis added.)

"This court has held that the preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R. 11(C). [Citations omitted.] * * * .

"In *Veney*, we reaffirmed that strict, or literal, compliance with Crim.R. 11(C)(2)(c) is required when advising the defendant of the constitutional rights he is waiving by pleading guilty or no contest. Id. at ¶18. Included in the list of constitutional rights is 'the right to compulsory process to obtain witnesses.' Id. at ¶19, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 * * * . The right to compulsory process of witnesses is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution. * * *"

**{¶ 11}** The supreme court went on to comment in *Barker* that the "underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Id. ¶ 15. Thus, the trial court must "actually explain[ ] the rights to the defendant." Id., citing *Veney* at ¶ 27.

**{¶ 12}** It follows that when the trial court does not mention, as in this case, that by entering his guilty pleas Venes was waiving his constitutional right to compulsory process, the pleas are rendered invalid. *State v. Woods*, 192 Ohio App.3d 494, 2011-Ohio-727, 949 N.E.2d 574.

**{¶ 13}** Consequently, Venes's assignment of error is sustained.

**{¶ 14}** Venes's convictions are reversed, and this case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR