[Cite as *State v. Venes*, 2014-Ohio-2273.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100357

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM VENES

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-546427

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Jesse W. Canonico
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} William Venes appeals his sentence that was imposed in the Cuyahoga County Common Pleas Court. Venes argues the trial court erred when it imposed consecutive sentences, claiming that the court failed to make the required findings as outlined in R.C. 2929.14(C)(4). Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} Venes pleaded guilty to 98 counts of pandering sexually oriented matter involving a minor and one count of possession of criminal tools. The court originally sentenced Venes on March 25, 2011. At that time, the court had no obligation to make findings before imposing consecutive sentences because former R.C. 2929.14(E)(4), which required such findings, had been declared unconstitutional and severed from the rest of R.C. 2929.14. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On direct appeal, this court reversed Venes' guilty plea because the court failed to advise him of his right to compulsory process. *State v. Venes*, 8th Dist. Cuyahoga No. 96780, 2012-Ohio-81 ("*Venes I*").

{¶3} On remand, the trial court sentenced Venes to eight years on Counts 1-98, with the first three to be served consecutively. It also imposed a six-month sentence on the possession of criminal tools count, to be served concurrently with the other counts, for a total prison sentence of 24 years. Venes appealed arguing that the court had no authority to impose consecutive sentences, that it failed to make the required findings

necessary to impose sentences consecutively and that his 24-year sentence was disproportionate to those imposed on similar offenders.

**{¶4}** On appeal, this court determined that former R.C. 2929.14(E)(4) had been "revived" under Am.Sub.H.B. No. 86 and recodified as R.C. 2929.14(C)(4) and that the trial court failed to comply with the statute. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 ("*Venes II*"). This court stated that the trial court made no specific findings before ordering Venes to serve his sentences consecutively but noted that in fairness to the trial court, it may not have understood that it was required to make those findings after the effective date of H.B. 86 and recodification of R.C. 2929.14(C)(4). Nonetheless, it failed to satisfy its statutory burden. *Id.* Further, although the court remanded the case for resentencing, it first determined that Venes' 24-year prison sentence for 98 counts of possessing child pornography was not disproportionate to those imposed on similar offenders. *Id.*

**{¶5}** On remand, the trial court again sentenced Venes to eight years on Counts 1-98, running the first three counts consecutively. It also imposed a six-month sentence on the possession of criminal tools count, to be served concurrently with the other counts for a total prison sentence of 24 years.

**{¶6}** Venes appeals, raising the following assigned error:

The trial court erred by imposing consecutive sentences.

**{¶7}** The crux of Venes' argument is that the trial court did not "support a finding under the third set of factors required to issue a consecutive sentence."

Specifically, Venes argues that when the trial court made the finding that the harm caused by two or more of the offenses was so great or unusual that no single prison terms adequately reflected the seriousness of the conduct, that finding was not supported by the facts of the case. We disagree.

**{¶8}** R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to reverse the trial court's imposition of consecutive sentences upon an offender if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.

**{¶9}** Pursuant to R.C. 2929.14(C)(4), before ordering consecutive sentences, the trial court is required to find the following: (1) a consecutive sentence was necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following:

> (a) The offender committed one or more of the multiple offenses while he was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** In the present case, Venes acknowledges that the trial court recited on the record the findings required before imposing consecutive sentences. However, Venes claims that this was not enough. Venes argues that the trial court was obligated to engage in an additional analysis and support its findings with facts from the record.

**{¶11}** This added requirement demanded by Venes is simply not required by the Ohio Revised Code, or by the precedent announced from this court. *See Venes; State v. Finklea*, 8th Dist. Cuyahoga No. 100066, 2014-Ohio-1515; R.C. 2929.14(C)(4). The revived consecutive sentencing statute codified in R.C. 2929.14(C)(4) does away with the requirement that the court justify its findings by giving reasons for making those findings. *See Venes*; *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590. Appellate review of consecutive sentences is limited to whether the record clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4) or whether the sentence is contrary to law. *See Venes.*

**{¶12}** It appears from Venes' brief that he is attempting to reargue that his sentence was disproportionate to those imposed on similar offenders, an argument raised and overruled by this court on his prior appeal, *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. In overruling Venes' argument, this court determined that he had

> nearly 4,400 images of child pornography and 55 videos or movies depicting children involved in sexual activity. The court also noted that

investigators found that Venes' pornography collection included images of "children as young as babies being vaginally raped, anally raped, being forced to engage in fellatio, cunnilingus and being forced to engage in bestiality."

*Id.* at ¶ 29. This court determined, that by any measure, "the depth and breadth of his collection * * * warranted significant punishment. We have no cause for finding that a 24-year sentence was disproportionate to those imposed on similar offenders." *Id.*

**{¶13}** We find no reason to depart from this court's prior holding. Venes' sole assigned error is overruled. The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR