[Cite as *State v. Hollowell*, 2014-Ohio-2407.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100674**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARQUIS HOLLOWELL

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575538-A

**BEFORE:** Stewart, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Jeffrey Gamso
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Marquis Hollowell pleaded guilty to a single count of felonious assault. In an issue that is dispositive of this appeal, he argues that the court violated Crim.R. 11(C)(2) by failing to inform him during the plea colloquy that the state was required to prove his guilt beyond a reasonable doubt.

{¶2} The state concedes the error and our review of the record substantiates the error — the court did not inform Hollowell during the plea colloquy that the state had to prove his guilt beyond a reasonable doubt as required by Crim.R. 11(C)(2). This is reversible error. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Woods*, 192 Ohio App.3d 494, 2011-Ohio-727, 949 N.E.2d 574, ¶ 40-41 (8th Dist.) The first assignment of error is sustained. Consequently, the second assignment of error relating to a sentencing error is moot.

{¶3} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR