[Cite as *State v. Hollowell*, 2015-Ohio-5261.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102782

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARQUIS HOLLOWELL

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575538-A

**BEFORE:**  Stewart, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  December 17, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair, Suite 212
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Glen Ramdhan
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Marquis Hollowell appeals the trial court's imposition of consecutive sentences. He argues that the trial court failed to make the statutory findings required to impose a consecutive sentence. Finding no merit to Hollowell's sole assigned error, we affirm.

{¶2} On September 24, 2013, Hollowell pleaded guilty to a single count of felonious assault. Upon convicting Hollowell, the trial court imposed a three-year prison sentence to be served consecutive to another prison sentence previously imposed for which Hollowell was serving a four-year prison term at the time of the sentencing. On direct appeal from the conviction and sentence, Hollowell argued that the trial court failed to properly inform him during the plea colloquy and also that the trial court erred by imposing consecutive sentences. We reversed the conviction finding that the trial court had indeed failed to inform Hollowell that the state must prove his guilt beyond a reasonable doubt as mandated by Crim.R. 11(C)(2) and remanded the case to the trial court. *State v. Hollowell*, 8th Dist. Cuyahoga No. 100674, 2014-Ohio-2407. As the resolution of the first assigned error was dispositive of the appeal, this court did not consider Hollowell's argument that his consecutive sentences were improper. *Id.* at ¶ 2.

{¶3} On remand, Hollowell once again pleaded guilty on March 13, 2015, and the court sentenced him to serve two years in prison, instead of the previously imposed three years, to run consecutive to the prison sentence he was then serving. This sentence on remand forms the basis of the current appeal.

{¶4} In this appeal, Hollowell again assigns as error that the imposition of consecutive sentences is contrary to law because the court failed to make all the findings required by R.C. 2929.14(C)(4).

{¶5} R.C. 2929.14(C)(4) requires a sentencing judge to make the following findings before imposing consecutive sentences: first, that consecutive sentences are necessary to protect the public from future crime or to punish the offender; second, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and third, that either (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. section 2929.16, 2929.17, or 2929.18, or was under postrelease control for a prior offense, (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} Hollowell argues that the court's imposition of consecutive sentences failed to conform to the requirements of R.C. 2929.14(C)(4). To comply with the statute, a trial court must make certain findings at the sentencing hearing, and "'must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d]

which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶7} The record reflects that the court made the first and second findings. It stated, "I think it's necessary to punish Mr. Hollowell to protect the public from future crime and it's not disproportionate to the conduct of the danger imposed upon him." Tr. 58. Hollowell complains that this statement does not reflect the second finding's requirement of "danger the offender poses to the public." We disagree. Although the court did not use the exact phrase "danger the offender poses to the public," it did not have to use the verbatim terms of the statute. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 13 (8th Dist.). Consecutive sentences will be upheld if "the reviewing court can discern that the trial court engaged in the correct analysis." *Bonnell* at ¶ 29.

{¶8} We view the court's statement as sufficient to satisfy the R.C. 2929.14(C)(4) findings that consecutive sentences are necessary to protect the public from Hollowell's future crime and to punish him, and are not disproportionate to Hollowell's conduct and the danger he poses to the public. Although the trial court did not state the second finding in exact terms, we can discern that the trial court engaged in the correct analysis when it considered a consecutive sentence in relation to the danger Hollowell's conduct poses to the public.

{¶9} We next consider whether the court made the third required finding.

**{¶10}** The court made the finding that two of Hollowell's multiple offenses were committed as part of one course of conduct and the harm caused by his multiple offenses was so great that no single prison term adequately reflects the seriousness of his conduct. The court told Hollowell, "Your criminal history demonstrates that consecutive sentences is [sic] necessary, and it also appears to be a course of conduct with your prior sentence * * * and is considered a course of conduct." Tr. 57-58. The court also explained, "A single term would not adequately reflect the seriousness of your conduct." Tr. 58.

**{¶11}** Additionally, the court's statements reflect the finding that Hollowell's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from his future crime. In addition to the above statement indicating Hollowell's criminal history, the court stated, "I think it's necessary to punish Hollowell to protect the public from future crime." Tr. 58.

**{¶12}** R.C. 2929.14(C)(4) requires the court to make at least one finding under the third requirement. Here, the court has clearly made two.

**{¶13}** Finally, Hollowell also complains that the sentencing entry does not reflect what the trial court said in open court at the sentencing hearing. *Bonnell* requires that the trial court not only make the required findings at the sentencing hearing, so as to "afford[] notice to the offender and to defense counsel," but also incorporate the findings into the sentencing entry, "because a court speaks through its journal." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, citing *State v. Brooke*, 113 Ohio St.3d 199,

2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47.   Our review of the journal shows that the court incorporated its findings in the March 17, 2015 journal entry.

{¶14} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR