[Cite as *State v. Johnson*, 2023-Ohio-4309.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112397 |
| v. | : | |
| JASON JOHNSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** November 30, 2023

___

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671218-A

___

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Luke Habermehl, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

___

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Jason Johnson ("Johnson") appeals his guilty plea, raising the following three assignments of error for review:

**Assignment of Error I:** The plea colloquy was inadequate because [Johnson] was not advised that the presumption of innocence could only be overcome by proof beyond a reasonable doubt.

**Assignment of Error II:** The trial court erred when it failed to address Mr. Johnson's dissatisfaction with counsel prior to accepting the guilty plea.

**Assignment of Error III:** The trial court failed to explain the nature of the burglary charge to which [Johnson] entered his guilty plea.

{¶ 2} Because our review of the record demonstrates that the trial court did not comply with its duties when it informed Johnson of his constitutional right that the presumption of innocence could only be overcome by proof beyond a reasonable doubt, Johnson's plea must be vacated. This renders the second and third assignments of error moot.

## I. Facts and Procedural History

{¶ 3} Johnson was indicted in June 2022 in a one-count indictment charging him with aggravated burglary, a first-degree felony. A jury trial commenced on January 10, 2023. Prior to voir dire, the trial court explained the state's burden of proof to the potential jurors. The state's burden to prove Johnson's guilt beyond a reasonable doubt was further discussed during voir dire by the state and appointed defense counsel and mentioned in Johnson's opening statement. On the second day of trial, the state rested its case and Johnson made an oral Crim.R. 29 motion to dismiss, which was denied by the trial court. Thereafter, the trial court was advised of the possibility of a plea, the conditions of which were discussed on the record, including that the charge was to be amended to burglary, a

felony of the third degree. The trial court addressed Johnson, who stated that he wished to accept the plea in lieu of continuing with trial.

{¶ 4} During the plea colloquy, the trial court discussed some of Johnson's constitutional rights:

> Let me explain to you your [c]onstitutional [r]ights and I'm sure you're well aware of them because you were actually involved in the application of your [c]onstitutional [r]ights, namely this trial. You are presumed innocent. You have an excellent attorney. You have a right to cross-examine your accusers, call witnesses, use the subpoena power of the court, you know this because you've just been through this. You have a right to testify or remain silent. We're at that juncture of the case right now. Your rights also include the fact that no one can comment on your failure to testify or compel you to testify or prevent you from testifying. I don't believe he has a criminal record that would be admissible in any case even if he did testify.

(Tr. 279-280.) The trial court went on to discuss the penalties involved with pleading guilty to a felony of the third degree. Johnson indicated that he understood and had no questions about what was going on. Johnson further indicated that he was not satisfied with his attorney but his decision to accept the plea was made through his own free will, voluntarily, and knowledgably. The trial court indicated that it was "somewhat disturbed" and "concerned" by Johnson's comment that he was not pleased with defense counsel's representation but advised that it was "a completely side issue" that would be addressed later. (Tr. 282.) Based on this court's review of the transcripts, the trial court never made any inquiries into Johnson's dissatisfaction with counsel; the trial court simply proceeded with Johnson's plea hearing as if Johnson had not mentioned he was not satisfied with his counsel's representation of him. Johnson entered a plea of guilty to the amended

count of burglary, a felony of the third degree, and the trial court accepted the plea. Johnson's case then proceeded to sentencing.

{¶ 5} On January 12, 2023, the trial court issued a journal entry accepting Johnson's guilty plea and sentencing him to "36 month(s) community control / probation; a mandatory minimum 1 year, up to a maximum of 3 years post release control." (Judgment Entry, 01/12/23.) Johnson now appeals.

## II. Law and Analysis

{¶ 6} In the first assignment of error, Johnson argues that the trial court's plea colloquy was inadequate because Johnson was not advised that the presumption of innocence could only be overcome by proof beyond a reasonable doubt.

{¶ 7} Crim.R. 11 outlines the procedures that trial courts must follow when accepting pleas. Crim.R. 11(C)(2)(c) provides that the trial court shall not accept a plea of guilty or no contest in felony cases without addressing the defendant personally and

> [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

A trial court complies with Crim.R. 11(C)(2)(c) when it "orally advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151

N.E.3d 617, ¶ 22. "[A] trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8.

{¶ 8} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. However, a limited exception to the prejudice component is made in the context of criminal pleas when a trial court fails to fully cover the constitutional rights that a defendant waives by pleading guilty or no contest. *Id.* at ¶ 14. "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Therefore, no showing of prejudice is required. *Dangler* at ¶ 14.

{¶ 9} Historically, "caselaw * * * muddled the analysis by suggesting different tiers of compliance with the rule." *Id.* at ¶ 17. But in *Dangler*, the Ohio Supreme Court made clear that those tiers of "partial" "substantial" and "strict" or "literal" compliance only complicated a fairly straightforward inquiry. *Id.* The *Dangler* Court held that when reviewing a trial court's adherence to Crim.R. 11,

"[p]roperly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

{¶ 10} Johnson argues that his plea must be vacated because the trial court only informed him that he was presumed innocent; he was not told that he could only be found guilty if the finder of fact so found by proof beyond a reasonable doubt. Johnson cites *Veney* in support of his argument. In *Veney*, 120 Ohio St.3d 176, 897 N.E.2d 621, 2008-Ohio-5200, the defendant entered a guilty plea prior to trial. *Id.* at ¶ 3. On appeal, Veney asserted that his plea was invalid because the trial court failed to explain the nature of the charges and inform him that the state had to prove him guilty beyond a reasonable doubt at trial. *Id.* at ¶ 3. The Tenth District Court of Appeals vacated the plea, remanded the case to the trial court for further proceedings, and certified its judgment as being in conflict with other judgments. *Id.* at ¶ 4-5. The Supreme Court of Ohio accepted the certified question "whether a trial court must strictly comply with the requirement in Crim.R. 11(C) that it inform the defendant that by entering a plea, the defendant waives the right to have the state prove guilt beyond a reasonable doubt." *Id.* at ¶ 5. The *Veney* Court answered this question in the affirmative, found that the trial court plainly failed to orally inform Veney of his constitutional right to require the state to prove guilt beyond a

reasonable doubt, and rendered his plea invalid. *Id.* at ¶ 30. In so holding the Supreme Court of Ohio explained:

> Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant. "We cannot presume a waiver of these * * * important federal rights from a silent record." *Boykin*, 395 U.S. at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid. *See Ballard*, 66 Ohio St.2d at 481, 20 O.O.3d 397, 423 N.E.2d 115; *State v. Griggs*, 103 Ohio St.3d 85, 2004 Ohio 4415, P 12, 814 N.E.2d 51.

*Veney* at ¶ 29. Johnson also cites *State v. Woods*, 192 Ohio App.3d 494, 2011-Ohio-727, 949 N.E.2d 574 (8th Dist.), in support of his argument. In *Woods*, this court found, under identical facts as *Veney*, that Woods's plea was invalid after the trial court "neglected to explain that, due to the presumption of innocence, the state was required to prove Woods's guilt beyond a reasonable doubt." *Id.* at ¶ 39-40.

{¶ 11} The state counters that while the trial court did not use the exact words "beyond a reasonable doubt," it did draw Johnson's attention to the constitutional right, which was thoroughly presented by the court, the state, and defense counsel throughout the course of trial, which was interrupted to take Johnson's plea. The state emphasizes that the beyond-a-reasonable-doubt standard and its application were thoroughly presented to Johnson multiple times a day, for a day and a half: the constitutional right was explained by the trial court to potential jurors, discussed by both the state and defense counsel during voir dire, described in Johnson's opening statement, and applied in the state's case-in-chief. The state further argues that Johnson exercised his right to trial, understood that without a

trial there was no requirement for the state to prove guilt beyond a reasonable doubt, and chose to waive that right when he pleaded guilty in the midst of trial.

{¶ 12} The state asserts that *Veney* and *Woods* are distinguishable because those trial courts completely omitted any mention of the reasonable doubt constitutional protection and had plea hearings separate from any collateral discussions or trial. Instead, the state claims that Johnson's case is more analogous to *State v. Binion,* 8th Dist. Cuyahoga No. 69336, 1996 Ohio App. LEXIS 1589 (Apr. 18, 1996), where this court found that the trial court substantially complied with Crim.R. 11 absent an advisement of the state's burden of proof at a criminal trial when all other advisements were made based on a totality of the circumstances. In its brief, the state acknowledges that *Binion* applied the lesser substantial-compliance analysis, rather than the strict-compliance standard established in *Veney*. We agree with Johnson and find that this alone makes *Binion* inapposite. Moreover, we note that *Binion*, decided in 1996, was trumped by *Veney*, a 2008 Ohio Supreme Court decision holding that a trial court must strictly comply with the requirement in Crim.R. 11(C) that it inform the defendant that by entering a plea, the defendant waives the right to have the state prove guilt beyond a reasonable doubt; *Woods*, a 2011 Eighth District decision following *Veney;* and *Dangler*, a 2020 Ohio Supreme Court decision eliminating the various tiers of compliance with Crim.R. 11.

{¶ 13} Thus, after thorough review of the record and relevant caselaw, we find *Veney* and *Woods* instructive in our application of *Dangler* in Johnson's appeal

contesting the trial court's Crim.R. 11 plea colloquy. According to *Dangler*, the first question we must ask is: has the trial court complied with the relevant provision of Crim.R. 11? Based on the precedent set forth in *Veney* and *Woods*, the answer in Johnson's case is no. While the trial court informed Johnson of certain constitutional rights during the plea colloquy, like the trial courts in *Veney* and *Woods*, it neglected to explain that due to the presumption of innocence, the state was required to prove Johnson guilty of each and every element of the offense beyond a reasonable doubt. Crim.R. 11(C)(2)(c) plainly requires that the trial court advise the defendant that he or she has this constitutional right. It is inconsequential whether the plea occurs prior to trial or in the midst of it.

{¶ 14} Because the trial court did not comply fully with the rule, we then ask whether the purported failure is of the type that excuses Johnson from the burden of demonstrating prejudice. The answer here is yes. The trial court failed to inform Johnson of one of his constitutional rights enumerated in Crim.R. 11(C)(2)(c). Therefore, it is presumed that Johnson's plea was entered involuntarily and unknowingly, no showing of prejudice is required, and the third *Dangler* question need not be answered. Accordingly, we find that Johnson's plea is invalid, sustain the first assignment of error, and vacate his plea.

{¶ 15} This disposition renders Johnson's second and third assignment of error moot. App.R. 12(A)(1)(c).

## III.    Conclusion

{¶ 16} The instant case presents relevant facts identical to those in *Veney* and *Woods*. Based on these cases, we find that the trial court's failure to advise Johnson of his constitutional right to require the state to prove his guilt beyond a reasonable doubt at a trial renders his plea invalid. Because the trial court judge failed to explain one of the constitutional rights set forth in Crim.R. 11(C)(2)(c), no showing of prejudice is required.

{¶ 17} Accordingly, Johnson's conviction is vacated and the case is remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR