[Cite as *State v. Spivey*, 2024-Ohio-5479.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                   Nos. 113551 and 113552

    v.                               :

LLOYD SPIVEY,                              :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-21-664219-A, CR-23-686245-A, CR-21-663112-A,
and CR-23-686877-E

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and John T. Dowling, Assistant Prosecuting
Attorney, *for appellee*.

Kimberly Kendall Corral, *for appellant*.

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Lloyd Spivey ("Spivey") appeals his convictions and asks this court to vacate his guilty plea and reverse his convictions. We vacate his convictions and remand to the trial court for further proceedings.

{¶2} On December 12, 2023, as a result of a plea deal with plaintiff-appellee State of Ohio ("the State"), Spivey pleaded guilty to numerous counts in four different cases. In CR-21-663112-A, he pleaded guilty to attempted improper discharge of a firearm into a habitation (one-year firearm specification attached), a third-degree felony, in violation of R.C. 2923.02 and 2923.161(A)(1); attempted felonious assault (one-year firearm specification attached), a third-degree felony, in violation of R.C. 2923.02 and 2903.11(A)(2); and attempted having weapons while under disability, a third-degree felony, in violation of R.C. 2923.02 and 2923.13(A)(2).

{¶3} In CR-21-664219-A, Spivey pleaded guilty to kidnapping, a first-degree felony, in violation of R.C. 2905.01(B)(1); and domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A). In CR-23-686245-A, Spivey pleaded guilty to two counts of drug possession, fifth-degree felonies, in violation of R.C. 2925.11(A). In CR-23-686877-E, he pleaded guilty to conveyance, a third-degree felony, in violation of R.C. 2921.36(A)(2); trafficking, a fourth-degree felony, in violation of R.C. 2925.03(A)(2); and drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A).

**{¶4}** The trial court sentenced Spivey to an aggregate total of ten years' imprisonment.

## I.    Facts and Procedural History

**{¶5}** On December 12, 2023, Spivey indicated to the trial court that he wished to accept the State's plea bargain offer where if he agreed to plead guilty to the above counts, the State would recommend a five-year prison sentence. The trial court indicated that it would not agree to a five-year sentence. Tr. 8. Spivey's trial counsel explained to the court that Spivey would accept the recommendation of five years, understanding that the trial court is not bound by the recommendation. Tr. 9. The trial, again, indicated that it would not accept the recommended sentence of five years. *Id.*

**{¶6}** The trial court continued with the plea hearing, after Spivey's trial counsel indicated to the court that while Spivey is "agreeing to the plea offer stated," he is "putting himself in" the trial court's hand. *Id.* The trial court continued, asking Spivey questions about his understanding of the proceedings, educational background, and family history. Afterward, the trial court explained Spivey's constitutional rights stating:

> So you've been indicted but you're presumed innocent and you have the right to a jury trial or a bench trial at which time the State must prove you guilty beyond a reasonable doubt. We have a jury waiting right now so I'm going to try to move this along. At the time of trial the State of Ohio has the burden of proving each and every essential element against you of each one of the counts in each one of those cases beyond a reasonable doubt. You have no burden of going

forward here today. You have a fine attorney and if you wish to try the case, we'll try the case, at which time you may utilize the subpoena power of the Court, call witnesses, cross-examine through your attorney. Okay? And at trial you may testify or remain silent. No one may comment on your failure to testify or compel you to testify or prevent you from testifying. No one can mention your prior criminal record if you do not testify. And if convicted, you have the right to appeal. By proceeding here today you're waiving these rights, you're admitting your guilt, you're going to be sentenced now because the victim is in the courtroom and Marsy's Law has been complied with and you've been in the Cuyahoga County Jail for nearly two years. It's time to resolve the case. You don't have to plead guilty. If you want, the Court will try each and every one of these cases. I'm prepared to try the first case — which is the case that occurred in March of 2022 today and the jury is waiting and the victim is in the courtroom. If you want to plead, you can plead. If you want to try the case, you can try the case. What do you want to do?

Tr. 12-14.

{¶7} Spivey explained to the trial court that he wished to plead guilty under the original plea agreement. Tr. 14. However, the trial court again repeated that it would not sentence Spivey to the agreed-upon five years and that Spivey was aware of that fact for weeks. The trial court then explained the charges that Spivey was pleading guilty to in order to help him understand the seriousness of the offenses. The trial court stated:

You're pleading to an F-1 kidnapping punishable by three to eleven years in a state penal institution and it's a Reagan Tokes case which means three to eleven, if you're sentenced to eleven, that could become 16.5 because if you go to the institution, violate the rules and the regulations of the Ohio Department of Corrections and, after notice and a hearing and counsel and due process, if they make a finding that you have violated the rules, they can increase your prison sentence by 50 percent. You need to know that. You're going to prison today. If you pick up drug cases for using drugs in prison, they can

increase any sentence by 50 percent. You need to know that. There's a potential fine of $20,000 on an F-1. Count two is domestic violence punishable by six to 18 months and a $2,500 fine. In 663112, the F-3s in counts two, four — counts two and four are punishable by nine to 36 months and a potential fine of $10,000. Count six is having a weapon while under disability with the deletion of the firearm specs. And by the way, there's a one-year firearm spec in the felonious assault case, count four, 663112. It's amended to attempted felonious assault with a one-year gun spec. Count six is a weapons under disability, an F-3, punishable by nine to 36 months, a potential fine of $10,000. In 686245 you're looking at six to 12 months on both counts and a $2,500 fine. In 686877 you're pleading guilty to an F-2 — pardon me, F-3, punishable by nine to 36 months. Counts two and three are trafficking, six to 18 months. Count four is drug possession, an F-5, six to 12 months. The F-5 has a potential fine of $2,500, the F-4 is $5,000, the F-3 is $10,000. If you plead here today and are sent to the institution on an F-1, you are going to be on a minimum mandatory of two years and up to a maximum of five years of post release control parole all over again. So when released you'll be on PRC, post release control parole. Your failure to abide by its terms and conditions could result in additional administrative time up to 50 percent of whatever sentence the Court imposed or additional criminal charges or a violation that could send you back to the institution to carry out the remainder of any sentence that you were paroled on. So do you understand what I've said?

Tr. 15-18.

{¶8} After Spivey answered in the affirmative, the trial court continued questioning Spivey:

COURT:     Do you have any questions?

SPIVEY:    No.

COURT:     Are you satisfied with your attorney?

SPIVEY:    He did the best he could.

COURT: And is this plea freely and knowledgeably and voluntarily made?

SPIVEY: Yes.

COURT: Has anyone threatened you or promised you things other than I promised you I won't consecutively sentence you?

SPIVEY: No.

Tr. 18.

**{¶9}** The trial court then asked the State and Spivey's trial counsel if he complied with Crim.R. 11, to which both responded that it did. The trial court sentenced Spivey to a total of nine years' imprisonment. Spivey filed this appeal assigning seven errors for our review. However, we will only address and review the first assignment of error, because it is dispositive of this appeal and renders the other assignments of error moot. App.R. 12(A).

1. The court's colloquy was insufficient to meet the requirements of Crim.R. 11(C)(2);

2. Appellant's trial counsel was ineffective for inducing his client into a plea with an agreed recommended sentence by the State and defense, but then arguing at sentencing for a greater sentence;

3. The trial court erred when it sentenced appellant to a statutorily prohibited term of incarceration on Count four of 21-CR-663112;

4. The trial court abused its discretion when it considered improper sentencing factors;

5.      The trial court abused its discretion when it failed to recuse himself after abandoning neutrality to suggest that appellant be charged with attempted murder in violation of appellant's Fifth and Fourteenth Amendment rights;

6.      The trial court abused its discretion and violated defendant's Sixth Amendment right to counsel and his Sixth Amendment right to a jury trial when it only permitted the defendant to proceed with counsel of his choosing if he accepted a plea agreement within 48 to 72 hours; and

7.      Appellant's plea was not knowingly, intelligently or voluntarily made.

## II.    Crim.R. 11

### A.    Standard of Review

**{¶10}** "The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Poage*, 2022-Ohio-467, ¶ 9 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473 (1981). "'The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review.'" *Id.*, quoting *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

### B.    Law and Analysis

{¶11} In Spivey's first assignment of error, he argues that the trial court's colloquy was insufficient to meet the requirements of Crim.R. 11(C)(2). "In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)." *Id.* at ¶ 10, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶12} "When a trial court fails to explain the constitutional rights outlined in Crim.R. 11 that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is

required." *Id.* at ¶ 11, citing *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31, and *State v. Veney*, 2008-Ohio-5200, syllabus. When a defendant attempts to reverse his guilty plea, we must engage in the following inquiry:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.*, quoting *Dangler* at ¶ 17.

**{¶13}** After a thorough review of the plea hearing, we first conclude that the trial court did not fully comply with the constitutional requirements of Crim.R. 11(C)(2)(c). More specifically, the trial court failed to determine if Spivey understood those rights as required by the statute. After an explanation of Spivey's constitutional rights, the trial court simply asked, "[W]hat do you want to do?" instead of asking Spivey if he understood his rights. *See State v. Wilson*, 2014-Ohio-942, ¶ 14 (7th Dist.), citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990) ("Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.").

**{¶14}** Second, the trial court did not comply with the requirements of Crim.R. 11(C)(2)(a). The trial court did not determine that Spivey understood the nature of the charges and the maximum penalty involved because the trial court

was mistaken on the charges and the penalties. Because the court failed to advise Spivey of the maximum potential penalty he faced as a result of his plea agreement, the court did not comply with Crim.R. 11(C)(2)(a). *See State v. Lucas*, 2024-Ohio-4496, ¶ 15 (8th Dist.). *See also State v. Hindman*, 2023-Ohio-1974 (8th Dist.). Pursuant to the Ohio Supreme Court's decision in *Dangler*, 2020-Ohio-2765, ¶ 10, a "'trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea.'" *State v. Rogers*, 2020-Ohio-4102, ¶ 19 (12th Dist.), quoting *State v. Fabian*, 2020-Ohio-3926, ¶ 20 (12th Dist.). *See State v. Grossman*, 2024-Ohio-2363, ¶ 22 (8th Dist.) ("When a trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (C)(2)(b), the defendant need not show prejudice.").

**{¶15}** The trial court made numerous errors in attempting to explain the charges and also even more errors in sentencing Spivey to incorrect charges in the wrong cases. First, the trial court asked Spivey on two occasions to plead to counts he was not charged with and failed to inform him of the correct sentence for the correct charges. Tr. 56. Second, the trial court sentenced Spivey to a drug possession charge in a case that he was not charged in or that he had not pled to at the plea hearing and was advised of his rights with regard to that charge. Tr. 58.

**{¶16}** Although the trial court failed to comply with Crim.R. 11(C)(2)(a), thereby requiring Spivey's guilty plea to be vacated, the trial court also failed to

fully explain Spivey's constitutional rights. Because the trial court failed to explain the constitutional rights outlined in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *See State v. Lewis*, 2019-Ohio-1994, ¶ 8 (8th Dist.) ("When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore invalid."); *State v. Green*, 2024-Ohio-2174, ¶ 4 (8th Dist.) ("When a trial court omits an advisement dealing with one of the five constitutional rights under Crim.R. 11(C)(2)(c), the plea is invalid as a matter of law, without any requirement of demonstrating prejudice to the defendant.); *State v. Johnson*, 2023-Ohio-4309, ¶ 8 (8th Dist.), citing *State v. Clark*, 2008-Ohio-3748, ¶ 31 (8th Dist.), quoting *State v. Griggs*, 2004-Ohio-4415, ¶ 12 ("When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'"); and *State v. Price*, 2024-Ohio-3016, ¶ 18 (8th Dist.), citing *State v. Green*, 2024-Ohio-2174, ¶ 4 (8th Dist.) ("When a trial court omits an advisement dealing with one of the five constitutional rights under Crim.R. 11(C)(2)(c), the plea is invalid as a matter of law, without any requirement of demonstrating prejudice to the defendant.").

**{¶17}** Based on these cases, we find that the trial court's failure to advise Spivey of his constitutional rights in accordance with Crim.R. 11(C)(2)(c) renders

his guilty plea invalid. Because the trial court judge failed to explain some of Spivey's constitutional rights set forth in Crim.R. 11(C)(2)(c), no showing of prejudice is required. *See Johnson* at ¶ 16; *Price* at ¶ 18.

**{¶18}** Therefore, Spivey's convictions are vacated, the original indictment is reinstated, and the matter is remanded for further proceedings. *See State v. Washington*, 2021-Ohio-2935, ¶ 15 (8th Dist.); *Johnson* at ¶ 17; *Price* at ¶ 19.

**{¶19}** Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)